**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANDREW PAUL CAPPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21-cv-00091-RLW |
| | ) |
| STEVE LORTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Andrew Paul Capps for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $14.67. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $73.33. The Court will therefore assess an initial partial filing fee of $14.67, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Phelps County Jail in Rolla, Missouri. With regard to his prisoner status, plaintiff states that he is "still waiting to be sentenced." (Docket No. 1 at 2). He brings this action pursuant to 42 U.S.C. § 1983, naming Sergeant Steve Lorts as the sole defendant. Sergeant Lorts is sued in an individual capacity only.

In his "Statement of Claim," plaintiff asserts that "sometime in December," he "was assaulted by another unknown inmate." (Docket No. 1 at 4). This occurred in the "rec pod" of the Phelps County Jail. As a result of this assault, plaintiff received "[b]ruises all over [his] arms, face [and] chest." He alleges that he has "a stint in [his] chest," due to "major heart issues." According to plaintiff, this makes him a "high risk medical inmate." (Docket No. 1 at 5). He thus claims that he should have "been taken to the hospital immediately… [i]n case something in [his] chest was misplaced or broken." (Docket No. 1 at 4). Plaintiff does not present any allegations regarding Sergeant Lorts's actions, nor does he assert that he actually suffered any injury to his chest requiring hospitalization.

3

Plaintiff is seeking $750,000 in damages for what he terms "poor medical malpractice" and "mental [health] issues." (Docket No. 1 at 6).

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging that Sergeant Lorts violated his constitutional rights when plaintiff was not immediately taken to a hospital following an assault by another inmate. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1983. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Failure to Demonstrate that Sergeant Lorts Violated Plaintiff's Constitutional Rights**

Plaintiff has named Sergeant Lorts as the lone defendant in this case. He is sued in an individual capacity. Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has presented no facts connecting Sergeant Lorts with the allegedly inappropriate failure to take him to the hospital. For example, there are no facts indicating that

4

Sergeant Lorts knew of plaintiff's injuries, had responsibility for determining his medical care, or was the one who actually made the decision not to send plaintiff to the hospital. In short, plaintiff has failed to present any factual allegations establishing a causal connection between any action or inaction on the part of Sergeant Lorts, and a deprivation of plaintiff's rights.

Aside from being named as the defendant, Sergeant Lorts is not mentioned at all in the "Statement of Claim." Simply identifying someone as a defendant is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations).

For these reasons, plaintiff has not demonstrated that Sergeant Lorts is responsible for violating one of his constitutional rights. Therefore, the claim against him must be dismissed without prejudice.

**B. Failure to State a Deliberate Indifference to Medical Needs Claim**

Even ignoring plaintiff's failure to establish Sergeant Lorts's responsibility, plaintiff has not adequately stated a deliberate indifference to medical needs claim. Under the Eighth Amendment,[1] the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate

---

[1]The Court notes that plaintiff has indicated that he was awaiting sentencing at the time the events in the complaint occurred. To the extent that plaintiff might be considered a pretrial detainee, his constitutional claim would be analyzed under the Fourteenth Amendment, rather than the Eighth. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). *See also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment). In short, plaintiff's prisoner status does not change the ultimate analysis of his claim.

constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff has alleged that he was not taken to a hospital after being assaulted by a fellow inmate. He also asserts that he is a "high risk medical inmate" because of "a stint in [his] chest." This is not sufficient to demonstrate that Sergeant Lorts or any other Phelps County Jail official acted so inappropriately "as to evidence intentional maltreatment or a refusal to provide essential care."

6

Specifically, plaintiff has not alleged a serious medical need requiring hospitalization. To the contrary, plaintiff acknowledges that his only injuries were "bruises." Nothing in the complaint supports the proposition that bruises alone required a hospital trip. While plaintiff insists that he should have been taken to the hospital as a precautionary measure, "[i]n case something in [his] chest was misplaced or broken," he does not actually allege that he suffered any damage to his heart stent. Moreover, plaintiff does not present any facts indicating that such damage was likely, thereby warranting examination at the hospital. For instance, plaintiff does not allege that he suffered post-assault symptoms that might have been related to a "misplaced or broken" stent.

The Court also notes that plaintiff does not claim he was denied medical treatment at the jail, or that he was not allowed to see medical staff after his assault. Rather, his "Statement of Claim" describes only a disagreement in a treatment decision, for which he has not alleged any actual injury. This is not sufficient to state a claim of deliberate indifference to his medical needs. Therefore, this claim must be dismissed.

### C.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this case is being dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $14.67 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of May, 2021.